**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

STEVEN GUZAN,                          )
                                       )
                Plaintiff,             )
                                       )       **CIVIL ACTION**
v.                                     )
                                       )       **Case No.  11-2203-CM**
UNITED STATES OF AMERICA,              )
                                       )
                Defendant.             )
_____)

## MEMORANDUM AND ORDER

Plaintiff Steven Guzan brings this case, claiming that an automobile driven by Charles Bonaparte, Jr., struck plaintiff's vehicle on February 6, 2009.  The United States Attorney has certified that Mr. Bonaparte was acting within his scope of employment at the time, and the United States of America is therefore properly substituted as defendant in this case.  *See* 28 U.S.C. § 2679(d); 28 C.F.R. § 15.4.  The case is before the court on defendant's Motion to Dismiss (Doc. 6).  Defendant asks the court to dismiss the case for lack of subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies before filing suit.

Defendant filed its motion on April 8, 2011.  The time to respond to the motion expired on April 29, 2011.  *See* D. Kan. R. 6.1(d)(2).  On May 3, 2011, the court entered an order to show cause why the motion should not be granted without the benefit of plaintiff's response.  The court granted plaintiff until May 17, 2011 to file a response and gave plaintiff notice that pursuant to D. Kan. R. 7.4(b), the court would consider the motion uncontested if no response was filed.  Plaintiff did not file a response.

This case is a removed action.  Plaintiff's attorney is not an active attorney in the United States District Court of Kansas.  The Clerk's Office notified plaintiff's attorney that he either needed

to complete the requirements for admission or enter an appearance pro hac vice after obtaining local counsel (Doc. 3). Counsel has still not taken measures to be admitted to the District of Kansas or to appear pro hac vice. A certified mail receipt (Doc. 12) shows, however, that he did receive the court's show cause order. Defendant also certified that it served plaintiff's counsel by mail with its motion to dismiss and memorandum in support. The court therefore believes that counsel is aware of the pending motion and the court's order, and proceeds to rule on the motion.

The existence of subject matter jurisdiction is a threshold issue. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Unless the United States waives sovereign immunity, this court does not have subject matter jurisdiction over suits against the United States. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006).

The FTCA waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Under the FTCA, a tort claim against the United States must be "presented to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Then, plaintiff's lawsuit must be filed in an appropriate district court within six months after the date the agency mails notice of the final denial of the plaintiff's claim. *See* 28 U.S.C. § 2401(b); *Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1286 (10th Cir. 2004). Failure to comply with these provisions renders the claim "forever barred." 28 U.S.C. § 2401(b). The statute of limitations provision of the FTCA constitutes a waiver of the government's sovereign immunity, is jurisdictional, and cannot be waived. *Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003); *Gualtier v. United States*, No. 93-3366, 1994 WL 247034, at *2 (10th Cir. June 8, 1994) (citing *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)). This court

is mindful not to "'extend the waiver beyond that which Congress intended.'" *Gualtier*, 1994 WL 247034, at *2 (quoting *Bradley*, 951 F.2d at 270 (additional citation omitted)).

The documents and evidence before the court demonstrate that plaintiff did not file an administrative claim on the allegations that he brings in this case. First, plaintiff did not allege exhaustion in his complaint. It appears from plaintiff's complaint that he may not have been aware that Mr. Bonaparte, the other participant in the accident, was working for the government at the time of the collision. Second, defendant has filed a declaration signed by Lorenzo C. Ferguson—Chief of the Operations and Records Branch of the U.S. Army Claims Service—that states that a thorough search has located no administrative claim filed by plaintiff.

Because plaintiff failed to administratively exhaust his claim in this case, the court lacks jurisdiction over the claim. The case is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 6) is granted.

Dated this 19th day of May 2011, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**